UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>v.<br><br>HAAS, et al.,<br><br>    Defendants. | No. 2:15-cv-2266 AC P<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se with his First Amended civil rights complaint against defendants Haas and Louie on failure-to-protect claims under the Eighth Amendment. <u>See</u> ECF Nos. 12, 17. By order filed August 11, 2017, the discovery deadline expired on December 15, 2017, and dispositive motions are due April 13, 2018. <u>See</u> ECF No. 33. Presently pending is plaintiff's "motion to expedite trial" on the ground that plaintiff is now fully prepared to so proceed. <u>See</u> ECF No. 38. Defendant Haas has filed an opposition. <u>See</u> ECF No. 39.

Trials in prisoner cases are routinely scheduled after resolution of the parties' dispositive motions or, if no dispositive motion is filed, the expiration of the date for filing such motions. This sequence allows for the resolution of legal issues on the papers, and narrows the remaining factual and legal issues for trial. Only if no party files a dispositive motion will this case be set

////

1

for trial. Accordingly, plaintiff's motion to expedite trial prior to expiration of the dispositive motion deadline must be denied.[1]

Additionally, in light of the Ninth Circuit's recent decision in Williams v. King, 875 F.3d 500 (9th Cir. 2017) (no magistrate judge jurisdiction based on plaintiff's consent alone), this court will vacate the undersigned's dismissal from this action of defendants Brown and Hudson, and plaintiff's first and second causes of action challenging his cell assignments based on alleged racial discrimination. See ECF No. 17. However, for the reasons set forth in the undersigned's March 8, 2017 screening order pursuant to 28 U.S.C. § 1915A, see ECF No. 17, the undersigned will recommend to the assigned district judge the dismissal of these defendants and claims without leave to amend.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to expedite trial, ECF No. 38, is denied;

2. The undersigned's dismissal of defendants Brown and Hudson, and plaintiff's claims premised on alleged racial discrimination, see ECF No. 17, is vacated; and

3. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED, for the reasons set forth in the undersigned's March 8, 2017 screening order, see ECF No. 17 at 3-7, 10, that:

1. Defendants Brown and Hudson be dismissed from this action without leave to amend; and

2. The first and second causes of action of the operative First Amended Complaint, ECF No. 12, which challenge plaintiff's cell assignments based on alleged racial discrimination, be dismissed from this action without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

---

[1] To the extent that plaintiff may be seeking to pursue an expedited trial under the procedures set forth in the court's notice served August 11, 2017, see ECF No. 33-1, application of the procedures requires the consent of all parties to the jurisdiction of the assigned magistrate judge pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 305. In the present case, to date, only plaintiff has consented to the jurisdiction of the undersigned magistrate judge. See ECF No. 5.

2

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2018.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE