UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER,

    Plaintiff,

v.

HAAS, et al.,

    Defendants.

No. 2:15-cv-2266 JAM AC P

ORDER

This prisoner civil rights action is proceeding to trial on plaintiff's Eighth Amendment failure-to-protect claims against defendant Correctional Officers Haas and Louie arising from plaintiff's prior incarceration at High Desert State Prison (HDSP). The trial is not yet scheduled; defendants filed their pretrial statement on March 5, 2019; plaintiff's pretrial statement is due March 29, 2019.

Currently before the court is plaintiff's motion, filed March 18, 2019 under the All Writs Act, for a court order directing non-party correctional officials at California State Prison Corcoran (CSP-COR), plaintiff's current place of incarceration, to release certain administrative records. See ECF No. 72. Defendant Haas has filed an opposition. ECF No. 73. For the reasons that follow, plaintiff's motion is denied without prejudice to plaintiff pursuing these matters in a new and separate civil rights action.

////

1

| | |
|---|---|
| 1 | Plaintiff seeks the release of records reflecting the procedures and outcomes of at least |
| 2 | four disciplinary proceedings addressing separate Rules Violation Reports (RVRs) against |
| 3 | plaintiff since September 2018.  Plaintiff asserts that "in retaliation for my having caused a C/O to |
| 4 | have to resign after he issued me a False Report," CSP-COR correctional officers "constantly" |
| 5 | issue RVRs against him, fail to inform plaintiff of the hearings and then indicate that he "refused" |
| 6 | to attend, then find him guilty.  ECF No. 72 at 3-5.  Plaintiff contends that the correctional |
| 7 | officers "are attempting to do what they can to ensure that I'm inside my cell with nothing via |
| 8 | systemically taking all of my privileges via RVRs."  Id. at 5.  He asserts that officers are |
| 9 | preventing him from attending the disciplinary hearings because otherwise plaintiff would be able |
| 10 | to disprove their false allegations.  Plaintiff states that he has repeatedly attempted to challenge |
| 11 | these matters through the administrative appeal process but, as a result of these frequent efforts, is |
| 12 | now restricted to submitting only one administrative grievance every thirty days.  Id. at 6. |
| 13 | Acknowledging that his motion seeks relief from non-parties to the instant action, plaintiff seeks |
| 14 | relief under the All Writs Act "as a last resort" because he does not have "even the means of |
| 15 | addressing the issue via the prison's Administrative Process."  Id. at 7. |
| 16 | The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in |
| 17 | aid of their jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a). |
| 18 | "The power conferred by the Act extends, under appropriate circumstances, to persons who, |
| 19 | though not parties to the original action or engaged in wrongdoing, are in a position to frustrate |
| 20 | the implementation of a court order or the proper administration of justice, and encompasses even |
| 21 | those who have not taken any affirmative action to hinder justice."  United States v. New York |
| 22 | Tel. Co., 434 U.S. 159, 174 (1977) (citations and fn. omitted) (finding the third party in that |
| 23 | action *not* "so far removed from the underlying controversy that its assistance could not be |
| 24 | permissibly compelled").  However, the Act is "not a grant of plenary power to the federal courts. |
| 25 | Rather, it is designed to aid the courts in the exercise of their jurisdiction."  Plum Creek Lumber |
| 26 | Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). |
| 27 | Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party |
| 28 | correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action. |

This is not the scenario presented by the present motion. Plaintiff does not assert that his ability to litigate this action, including his ability to meet the imminent requirement that he prepare and file a pretrial statement, has been impeded by CSP-COR correctional staff or due to the challenged RVRs. Rather, plaintiff's motion challenges conduct unrelated to the instant case; moreover, it involves different officials at a different institution and alleged conduct that may be challenged in a separate civil rights action.[1]  For these reasons, the undersigned finds that plaintiff is not entitled to relief under the All Writs Act.[2]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion filed March 18, 2019, ECF No. 72, is DENIED.

DATED: March 21, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is reminded that "[t]he PLRA [Prison Litigation Reform Act] requires that an inmate exhaust only those administrative remedies 'as are available.'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)) (administrative remedies plainly unavailable if grievance was screened out for improper reasons). See also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available."); Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.").

[2] Accord, Espey v. Deuel Vocational Institution, 2014 WL 2109949, at *2 (E.D. Cal. May 20, 2014), report and recommendation adopted, 2014 WL 2893207 (E.D. Cal. June 25, 2014) (Case No. 2:13-CV-2147 TLN KJN P) ("plaintiff does not allege that MCSP officials have taken actions that may impede his ability to litigate this action, such as restricting his access to his legal materials"); Turner v. Sacramento County Sheriff, 2010 WL 4237023, at *2 (Oct. 21, 2010), report and recommendation adopted by 2010 WL 5317331 (E.D. Cal. Dec. 20, 2010) (Case No. 2:09-cv-0017 WBS KJN P) (plaintiff "failed to demonstrate that . . . any of the relief he presently seeks is essential to preserve the status quo in the underlying action").