UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER,

    Plaintiff,

v.

HAAS, et al.,

    Defendants.

No. 2:15-cv-2266 JAM AC P

ORDER

    This prisoner civil rights action is proceeding to trial on April 20, 2020, on plaintiff's Eighth Amendment claims against defendant Correctional Officers Haas and Louie based on conduct that occurred during plaintiff's prior incarceration at High Desert State Prison (HDSP). The deadlines for discovery and dispositive motions have closed. Currently pending is plaintiff's "motion for order," filed May 13, 2019, in which plaintiff seeks an order of this court directing prison officials at his current place of incarceration, California State Prison Corcoran (CSP-COR), particularly Librarian Porter, to comply with California Department of Corrections and Rehabilitation (CDCR) regulations governing the processing of outgoing mail. See ECF No. 81.

    Plaintiff alleges that Porter is not sealing his documents addressed to the court while in plaintiff's presence, and "yesterday . . . refuse[d] to allow [plaintiff] to first seal [his] documents, then have her sign them in [plaintiff's] presence." ECF No. 81 at 2-3. Plaintiff describes the subject documents as "submissions, i.e. legal documents and drafts in this instant case," id. at 1;

1

"legal mail," id. at 2; "mail going to 'All State and Federal Judges and Courts,'" id. at 3 (quoting Cal. Code Regs. tit. 15, § 3141(c)(5). Plaintiff is concerned that his confidential mail will be read and circulated outside his presence and could be used to retaliate against him. Plaintiff also seeks to have the procedures for processing his outgoing mail routinized before he begins sending "pretrial submissions in this case." Id. at 3. Plaintiff asks the court to direct prison officials to comply with Cal. Code Regs. tit. 15, §§ 3141(c)(5)[1] and 3142(d)[2] in the processing of his outgoing mail.

Prison inmates retain a First Amendment right to send and receive mail despite the "inordinately difficult undertaking" to exercise and protect that right within a prison setting. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner v. Safley, 482 U.S. 78, 85 (1987)). As a general rule, a prison may adopt regulations that impinge on a prisoner's constitutional rights if the regulations are reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In the context of outgoing prisoner mail, the Ninth Circuit has held that "[w]hen a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quoting Thornburgh, 490 U.S. at 412). "The implications of outgoing correspondence for prison security are of a categorically lesser magnitude than the implications of

---

[1] Cal. Code Regs. tit. 15, § 3141(c)(5) provides:

> Confidential Correspondence: . . . (c) Persons and employees of persons with whom inmates may correspond confidentially and from whom inmates may receive confidential correspondence include: . . . (5) All state and federal judges and courts.

[2] Cal. Code Regs. tit. 15, § 3142(d) provides:

> Processing of Outgoing Confidential Mail: . . . (d) Inmates shall post confidential mail by presenting the mail unsealed to designated staff. In the presence of the inmate, the staff shall remove the contents of the envelope upside down to prevent reading of the contents. Staff shall remove the pages and shake them to ensure there is no prohibited material, consistent with these regulations. If no prohibited material is discovered, the contents shall be returned to the envelope and sealed. Staff shall place their signature, badge number and date across the sealed area on the back of the envelope. Staff shall then deposit the confidential mail in the appropriate depository.

2

incoming materials." Thornburgh, 490 U.S. at 413.

The Ninth Circuit has held that prison officials may open and inspect, but not read, a prisoner's legal mail. Nordstrom v. Ryan, 762 F.3d 903 (9th Cir. 2014) ("Nordstrom I"). "[I]nspection of outgoing mail should be for 'suspicious features' that can readily be identified without reading the words on a page; i.e., 'maps of the prison yard, the times of guards' shift changes, and the like.' Nordstrom I, 762 F.3d at 906. This level of inspection is akin to the 'cursory visual inspection' that we approved of for outgoing mail sent to public officials in Witherow. 52 F.3d at 265-66." Nordstrom v. Ryan, 856 F.3d 1265, 1272 (9th Cir. 2017) ("Nordstrom II").

Prisoners also have a Sixth Amendment right to communicate privately with their criminal counsel. See Mangiaracina v. Penzone, 849 F.3d 1191, 1195-97 (9th Cir. 2017), and cases cited therein. Significantly, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "[A]ll correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987).

The mail plaintiff references in his motion (addressed to state and federal judges and courts), while perhaps meeting the definition of "legal mail" under CDCR regulations, does not qualify as "legal mail" entitled to federal constitutional protections. Moreover, the conduct plaintiff complains of does not include the reading of plaintiff's mail by prison officials but the failure of officials to adhere to the specific requirements set forth in Cal. Code Regs. tit. 15, §§ 3141(c)(5) and/or 3142(d). The violation of state prison regulations does not itself establish a federal constitutional violation. Cousins v. Lockyer, 568 F.3d 1063, 1070-71 (9th Cir. 2009). Finally, plaintiff's renewed effort to rely on the All Writs Act is without merit as any alleged impact on the instant case due to the matters currently challenged remains no more than speculative. See ECF Nos. 75, 77, 80.

For these reasons, the court finds no merit to plaintiff's pending "motion for order," which will therefore be denied.

////

Plaintiff is directed to refrain from filing further matters in this action unless so directed by the court. See Local Rule 110 ("Failure . . . of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion filed May 13, 2019, ECF No. 81, is DENIED.

DATED: May 28, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE