UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>  Plaintiff,<br><br>  v.<br><br>HAAS, et al.,<br><br>  Defendants. | No. 2:15-cv-2266 JAM AC P<br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment claims that defendant Correctional Officers P. Haas and B. Louie failed to protect plaintiff from assault by other inmates during his prior incarceration at High Desert State Prison (HDSP). ECF No. 12 (First Amended Complaint), ECF No. 17 (screening order) at 7-9, ECF No. 54 (order adopting screening), ECF No. 66 (order denying summary judgment on Eighth Amendment claim). This case is scheduled for trial commencing April 20, 2020, before the Honorable John A. Mendez. The Pretrial Order issued on June 4, 2019. ECF No. 85. A writ ad testificandum has issued for plaintiff's trial attendance. ECF No. 91.

Presently pending are the following matters: (1) plaintiff's motion for issuance of writs of habeas corpus ad testificandum to obtain the trial attendance of his designated incarcerated witnesses, ECF No. 87; and (2) plaintiff's motion to modify the Pretrial Order to name one

1

additional incarcerated witness, ECF No. 88.  Plaintiff has submitted additional briefing, ECF Nos. 94-5, as directed by the court, ECF No. 90.  Defendants Louie and Haas filed oppositions to plaintiff's motions.  ECF Nos. 89, 92-3.  Plaintiff filed a reply.  ECF No. 95.

For the reasons that follow, the undersigned finds that writs are appropriate for witnesses Patterson, Santoro, Alford and Adams, but not plaintiff's other designated witnesses, and the court denies plaintiff's motion to modify the Pretrial Order.

II.     Percipient Witnesses

As set forth in the Pretrial Order, plaintiff identified a total of eleven witnesses.  See ECF No. 85 at 4.  Six of these witnesses are identified as percipient witnesses.  Id.  The undersigned's review of the Inmate Locator website operated by the California Department of Corrections and Rehabilitation (CDCR)[1] indicates that two of these percipient witnesses are currently unavailable to testify.  Anthony Mitchell (CDCR #AK7299), plaintiff's assailant, is no longer listed in the Inmate Locator and thus appears no longer to be incarcerated.  Donnell Lee Richard (CDCR #K00572) is designated as "Out to Hospital."[2]

The court will issue writs of habeas corpus ad testificandum for the trial attendance of plaintiff's four remaining percipient witnesses, for the reasons identified by plaintiff,[3] which satisfy the requirements set forth in the court's Discovery and Scheduling Order (ECF No. 33).  These four percipient witnesses, for whom writs will be issued contemporaneously with the filing of this order, are:  Abraham Adams (CDCR #AC9052), Kenneth Patterson (CDCR #AB6602), Robert Santoro (CDCR #T40346), and Larry Alford (CDCR #AU8727).

---

[1] See http://inmatelocator.cdcr.ca.gov/ (Inmate Locator website operated by the California Department of Corrections and Rehabilitation).  This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] The undersigned will continue to monitor CDCR's Inmate Locator website to ascertain whether inmate Richard becomes available to testify at trial.

[3] The trial attendance of these witnesses is supported by the reasons set forth by plaintiff in the following briefing:  Adams (ECF No. 12 at 9-10, 40, ECF No. 95 at 5-7); Patterson (ECF No. 12 at 39, ECF No. 95 at 5-7); Santoro (ECF No. 12 at 41, ECF No. 95 at 9-11); Alford (ECF No. 12 at 8, 19).

III.    Witnesses to "Similar Instances"

       In his pretrial statement, plaintiff designated five additional witnesses as "victims of similar instances" who could testify about similar patterns of alleged misconduct by correctional staff. ECF No. 78 at 10-2. Two of these witnesses are not listed in CDCR's Inmate Locator website and therefore presumed unavailable, at least by writ: Reid (first name unknown) (CDCR # C12848), and Cory Mitchell (CDCR # Unknown).

       Of the remaining three witnesses, plaintiff has set forth their anticipated testimony as follows:

       • Kenyon Lee McClelland (CDCR # T19229): On an unspecified date, McClelland informed unidentified HDSP officers that other inmates were threatening him on the yard, but the officers failed to protect McClelland when he was required to go back on the yard where he was attacked. ECF No. 78 at 11; ECF No. 95 at 7. Plaintiff avers that McClelland's offer to testify voluntarily was made in 2015. ECF No. 95 at 7.

       • Easter (aka Ester) Burnett (CDCR #V35245): On April 14, 2013, Burnett was "approached by another prisoner who attempted to get him to forego a CDCR 602 complaint at the behest of officer(s) at HDSP." ECF No. 95 at 3; see also id. at 1-3; ECF No. 78 at 11; ECF No. 95 at 1-5. Plaintiff avers that Burnett's offer to testify voluntarily was made in February 2014, prior to the incident at issue in this case. ECF No. 95 at 3.

       • Ramon Guillermo Morales-Smith (CDCR # F21867): On an unspecified date prior to the incident at issue in this case, Morales-Smith informed defendant Haas of a conflict with his cellmate but Haas failed to intervene. ECF No. 95 at 9. Plaintiff initially averred that Haas' conduct toward Morales-Smith was consistent with "his reasoning for wishing to see plaintiff injured, i.e. complaints filed against him," ECF No. 78 at 11-2, but this allegation is not repeated in plaintiff's most recent filing. ECF No. 95 at 9. Plaintiff avers that Morales-Smith's offer to testify voluntarily was made in April 2015. ECF No. 95 at 3.

       A district court's decision whether to issue a writ of habeas corpus ad testificandum is premised on a threshold determination whether the proffered testimony is relevant to the issues in the case. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable

3

than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Stated differently, the court must assess "'whether the prisoner's presence will substantially further the resolution of the case.'" Wiggins v. Alameda County, 717 F.2d 466, 468 n.1 (9th Cir.1983) (quoting Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977)).

The undersigned finds the anticipated testimony of witnesses McClelland, Burnett and Morales-Smith irrelevant to the issues in this case. McClelland's proffered testimony, while it involves HDSP, is nonspecific as to date and the officers involved. Burnett's proffered testimony does not involve an attack by another inmate but alleged pressure, on behalf of an unidentified HDSP correctional officer, to drop an inmate complaint, and this interaction occurred more than a year before the incident in this case. The anticipated testimony of Morales-Smith was initially presented as analogous to the facts of the instant case, viz, that defendant Haas failed to protect both Morales-Smith and plaintiff because they had filed inmate complaints against him. ECF No. 78 at 11-2. However, in his subsequent statement, plaintiff generally avers only that Haas "well knew that the risk [of inmate assault] was there and regularly affected in HDSP and the prison system." ECF No. 95 at 9. The undersigned finds the anticipated testimony of these witnesses has no probative value as to the factual disputes in this case.

The court notes that plaintiff's recent pretrial filings have repeatedly asserted that defendant Haas' failure to protect him was in retaliation for plaintiff filing an inmate appeal against Haas. Plaintiff does not need to prove a retaliatory motive (or any motive) in order to establish an Eighth Amendment violation. No freestanding First Amendment retaliation claim is going to trial; none was presented in the complaint. Accordingly, any testimony from Burnett or Morales-Smith going to retaliation is irrelevant.

For these reasons, this court declines to issue any writs of habeas corpus ad testificandum for the trial attendance of plaintiff's witnesses identified as "victims of similar instances."

IV. Motion to Amend Pretrial Order

Finally, plaintiff moves to amend the Pretrial Order for the purpose of adding an additional witness, specifically, Timothy Bradford Cole (CDCR # V18610). ECF No. 88. Plaintiff informs the court that Cole agreed to testify in this action when the two met at CSP-COR

4

in February 2020.  Id., see also ECF No. 94.  Cole is another proposed "victim of similar instance."  Plaintiff avers that Cole would testify that while he was incarcerated at R.J. Donovan Correctional Facility (RJD), he submitted an inmate appeal against a correctional officer who orchestrated an incident in which inmates confronted Cole about the appeal and then attacked him.  ECF No. 88 at 2.  Plaintiff contends that this incident demonstrates "[t]he pattern of conduct that led to my injuries" and is "so similar that it becomes relevant" to the instant case.  Plaintiff opines that jurors would infer that this pattern of conduct within CDCR demonstrates defendants in the instant case "must have known I would be at risk of injury when they forced me to exit the housing unit under threat of being reprimanded if I did not."  Id. at 3.

The undersigned finds this proffered testimony irrelevant to the facts of the instant case.  Cole's anticipated testimony involves an unidentified correctional officer at a prison other than HDSP.  Moreover, plaintiff's contention that the allegedly retaliatory conduct against Cole mirrors that by Haas against plaintiff is irrelevant for the reasons previously stated.  Because the court finds Cole an inappropriate witness in this case, the court will deny plaintiff's motion to amend the Pretrial Order to add him as a witness.

V.      Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for issuance of writs of habeas corpus ad testificandum to obtain the trial attendance of his designated incarcerated witnesses, ECF No. 87, is GRANTED IN PART and DENIED IN PART.

2. Writs of habeas corpus ad testificandum will issue contemporaneously with this order for the trial attendance of witnesses Patterson, Santoro, Alford and Adams.

3. Plaintiff's motion to modify the Pretrial Order to name an additional incarcerated witness, ECF No. 88, is DENIED.

IT IS SO ORDERED.

DATED: March 13, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE