UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>HAAS, et al.,<br><br>    Defendants. | No. 2:15-cv-2266 DAD AC P<br><br>ORDER |

Plaintiff is a state prisoner seeking relief under 42 U.S.C. § 1983. The trial date has been repeatedly postponed due to the Covid-19 pandemic and judicial reassignments, and is now set for January 9, 2023, before U.S. District Judge Dale A. Drozd. ECF No. 128.

Plaintiff filed a motion to compel, ECF No. 124, which seeks information from defense counsel that would help plaintiff identify an eyewitness known to plaintiff as "C.J." or "Johnson." Defendants have opposed the motion. ECF Nos. 125, 126. Discovery in this case closed on December 15, 2017. ECF No. 33 at 5. Plaintiff's motion is untimely and would be denied as such even if it sought discoverable information from a party over whom the court has jurisdiction (which it does not). Moreover, plaintiff's recent request to supplement his witness list, ECF No. 127, affirmatively represents that plaintiff has now identified the witness at issue. See id. at 3. Accordingly, the motion to compel is moot as well as untimely.

////

Plaintiff's motion to add witnesses, ECF No. 127, seeks in effect to modify the pretrial scheduling order. That order provided:

> **C. No other witness will be permitted to testify unless:**
>
> 1. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to issuance of the pretrial order; or
>
> 2. The witness was discovered after issuance of the pretrial order and the proffering party makes the showing required in "D," below.
>
> **D. Upon the post-pretrial discovery of witnesses**, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:
>
> 1. The witnesses could not reasonably have been discovered prior to issuance of the pretrial order;
>
> 2. The court and the opposing party were promptly notified upon discovery of the witnesses;
>
> 3. If time permitted, the party proffered the witnesses for deposition;
>
> 4. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

ECF No. 85 at 5.

Plaintiff's motion explains why inmate Johnson was not identified or located earlier. However, it is unclear whether defendants wish to, or will have an opportunity to, depose the witness prior to trial, or whether there are other objections to the motion. Accordingly, the court will not rule on this motion until it has been briefed pursuant to Local Rule 230(l).

Finally, plaintiff has filed a motion for thrice-weekly access to the prisoner's pay phone at his institution. ECF No. 129. Because plaintiff seeks an order directed to the Secretary of CDCR regarding the conditions of his confinement, id. at 1, the motion must be construed as one for injunctive relief. Plaintiff satisfies none of the requirements for the extraordinary remedy of an injunction. See Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008). Moreover, neither the Secretary nor any official with power to grant this request are defendants subject to the court's jurisdiction. Finally, the court does not involve itself in the day-to-day management of the prison. For all these reasons, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, ECF No. 124, is DENIED;
2. Plaintiff's motion at ECF No. 127 is CONSTRUED as a motion to modify the scheduling order. Defendants shall file a response to this motion, and plaintiff may reply, pursuant to Local Rule 230(l); and
3. Plaintiff's motion at ECF No. 129 is DENIED.

DATED: October 17, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE