UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>HAAS, et al.,<br><br>        Defendants. | No. 2:15-cv-2266 DAD AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. Pretrial matters were referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The case is currently scheduled for trial before the assigned United States District Judge on January 9, 2023. See ECF No. 128.

Plaintiff has moved to modify the pretrial order to add inmate "C.J." Johnson to his list of witnesses. ECF No. 127. Defendants oppose the motion. ECF Nos. 131, 132. For the reasons stated below, the motion will be granted.

I.    Background

This case is proceeding to trial on a single claim that defendant Correctional Officers Haas and Louie were deliberately indifferent to plaintiff's health and safety, in violation of the Eighth Amendment, when they failed to protect plaintiff from assault by other inmates at High Desert State Prison on March 16, 2015. See ECF No. 64 (findings and recommendations on summary

1

judgment); ECF No. 66 (order adopting findings and recommendations and denying motion for summary judgment).  The First Amended Complaint alleged that inmates Mitchell and Johnson had attempted to assault plaintiff on the day of the incident.  ECF No. 12 at 8.  Plaintiff reported the assault and related threats to the defendants, who knowing sent plaintiff into the yard without protective escort.  Id. at 9-10.  On summary judgment, it was deemed undisputed that the inmate assailants were Mitchell, Johnson, and another unknown individual.  ECF No. 64 at 5-6.

The Pretrial Order issued on June 4, 2019.  ECF No. 85.  It listed six percipient witnesses for plaintiff, all inmates, including inmate Mitchell.  Id. at 4.[1]

The Pretrial Order stated:

> **C.  No other witness will be permitted to testify unless:**
>
> 1.  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to issuance of the pretrial order; or
>
> 2. The witness was discovered after issuance of the pretrial order and the proffering party makes the showing required in "D," below.
>
> **D.  Upon the post-pretrial discovery of witnesses**, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:
>
> 1. The witnesses could not reasonably have been discovered prior to issuance of the pretrial order;
>
> 2. The court and the opposing party were promptly notified upon discovery of the witnesses;
>
> 3. If time permitted, the party proffered the witnesses for deposition;
>
> 4. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

Id. at 5.

The trial date in this case has been repeatedly continued, due to the Covid-19 pandemic and judicial reassignments.

---

[1] Plaintiff also identified five inmate witnesses as "other victims of similar instances." Id. The admissibility of these witnesses' testimony is a question for the trial judge.

II.     Motion to Modify Pretrial Order

Plaintiff moves to add inmate "C.J." Johnson, whose inmate number and prison location he has recently discovered, to his witness list. ECF No. 127. In a sworn statement, plaintiff represents that he unsuccessfully sought the identity of this key witness in discovery. Specifically, he requested and defense counsel agreed to "provide the names of all the African-American yard crew members," but "it was said that Johnson's name did not appear on the list[,] and therefore[,] [Johnson] could not be identified by means to [en]able [him] to have him added to [his] witness list." Id. at 2. Plaintiff further declares that it was only after he was transferred to California State Prison - Corcoran ("CSP-Corcoran") in July 2022 that he ran into Johnson when Johnson was on his way to a group session. ECF No. 127 at 2. Plaintiff then moved for compelled production of CSP-Corcoran's housing unit logbook so that he could obtain Johnson's housing location and inmate number, identifying information that would enable him to list Johnson as a trial witness. See ECF No. 124 (motion to compel logbook).[2]

Plaintiff represents that Johnson has agreed to testify, and argues that his testimony is more important than ever because Mitchell has died. ECF No. 127 at 3.

Defendants oppose the motion as untimely and the requested modification as unjustified. They contend that Johnson is not a newly discovered witness because he was identified in the complaint. ECF Nos. 131 at 3, 132. They also argue that plaintiff was not diligent in identifying Johnson for purposes of appearance at trial. ECF No. 131 at 3. Finally, defendants object that plaintiff has failed to proffer inmate Johnson for deposition or to provide them with a reasonable summary of his testimony. Id. at 4. Counsel for defendant Louie further avers that on October 13, 2022, he attempted to speak with inmate Johnson, but Johnson refused, stating that he was not willing to talk with attorneys. Id. at 4-5, 7.

////
////
////

---

[2] Plaintiff obtained this information on his own prior to disposition of the motion, which was therefore denied as moot as well as untimely. ECF No. 130.

III. <u>Discussion</u>

Although eleventh hour modifications to pretrial orders are highly disfavored, the undersigned concludes that it is appropriate in light of the unusual circumstances presented here to permit the addition of inmate Johnson as a witness for plaintiff. First, plaintiff has been sufficiently diligent. While he knew from the time of the incident that one of his assailants had been a Black man named Johnson, plaintiff did not have identifying information that would permit issuance of a writ ad testificandum despite having sought such information in discovery. At the time of the Pretrial Order, the availability of inmate Mitchell—the other known assailant, alleged to have been acting in concert with Johnson—arguably made Johnson's testimony less crucial, and therefore plaintiff could reasonably have ceased efforts to identify and locate him. It was only by chance that plaintiff crossed paths with Johnson again in July of this year, and plaintiff then took reasonably prompt action to secure his testimony. Mitchell's death during the lengthy delay of the trial leaves Johnson as the only potential witness who participated in the assault on plaintiff. His testimony therefore may be highly relevant. In any event, his testimony is a reasonable substitute for that of inmate Mitchell.

Any prejudice to defendants from the late inclusion of an additional witness can be cured by providing an opportunity to depose Johnson. The undersigned will make modification of the Pretrial Order contingent on Johnson's cooperation with a deposition to be noticed by defendants as soon as possible. Plaintiff may attend the deposition and question the witness in his turn. Plaintiff is informed that nothing in this order limits the trial judge's ability to exclude any witness or limit any witness's testimony; the issuance of a writ for the appearance of a witness at trial does not guarantee that the witness will be permitted to testify.

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the scheduling order to include inmate witness "C.J." Johnson, ECF No. 127, is GRANTED subject to the condition that Johnson comply with a notice of deposition to be issued by defendants as soon as practicable; and

////

2. Any request to continue the trial date to accommodate such a deposition shall be directed to the trial judge.

DATED: November 9, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE