UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>           Plaintiff,<br><br>      v.<br><br>HAAS, et al.,<br><br>           Defendants. | No.  2:15-cv-2266 DAD AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983.  The case has been referred to the undersigned for pretrial purposes pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  It is scheduled for trial before a United States District Judge on January 9, 2023.  See ECF No. 128.

Before this court is plaintiff's second motion to modify the pretrial order to add two more individuals to his witness list.  ECF No. 133.  Defendants Haas and Louie have filed an opposition to the motion (ECF Nos. 137, 138),[1] and the period within which plaintiff could have filed a reply has expired.  Therefore, the matter is deemed submitted.  Local Rule 230(l).  For the reasons stated below, plaintiff's motion will be denied.

---

[1] On November 14, 2022, defendant Hass, who is represented by private counsel, filed an opposition to the motion.  ECF No. 137.  Defendant Louie, who is represented by the Office of the Attorney General, joined in defendant Haas' opposition on November 15, 2022.  ECF No. 138.

1

I. PLAINTIFF'S MOTION TO MODIFY

In the motion to modify, plaintiff asks the court to add inmate Earnest Shoemaker and inmate Bell to the pretrial order as witnesses. ECF No. 133 at 1. In support of the motion, plaintiff contends in a declaration that these individuals have personal knowledge related to this case. Id. Specifically, plaintiff states that inmate Shoemaker witnessed the attack in question and knew that it had occurred because a correctional officer named Weeks "and others" had told inmate witnesses Mitchell and Johnson[2] that plaintiff was an informant. Id. at 3-4. Plaintiff contends that this allegation was circulated so that he would be killed. Id. at 3. He asserts that because Shoemaker is no longer in danger at the hands of Weeks, he is now willing to testify to these facts. See id. at 3-4.

In support of plaintiff's request that inmate Bell be added to the trial witness list, plaintiff states that Bell was one of the people who attacked him during the incident in question. ECF No. 133 at 3-4. He also alleges that Bell was part of the same gang as witness Johnson, and that like Johnson, Bell was had been told that plaintiff had informed on him. See id. at 3-4. Plaintiff contends that if permitted to testify, inmate Bell will not keep this "secret," and he will be truthful. Id. at 4.

Plaintiff further asserts that he just discovered this information when interviewing witness Johnson, and that potential inmate witnesses Shoemaker and Bell could not have been discovered prior to this time. ECF No. 133 at 1-2. He also states that the request to have them testify is being made in good faith and for just cause. Id. at 1.

II. DEFENDANTS' OPPOSITION

Defendants argue that the motion should be denied because: (1) plaintiff has not shown good cause for modification of the pretrial order; (2) plaintiff's supporting declaration should be disregarded because, among other things, it lacks foundation and is not based on personal

---

[2] Inmate Mitchell, who was listed on the pretrial order as a witness scheduled to testify at trial (see ECF No. 85 at 4) is now deceased (see ECF No. 127 at 3) (plaintiff's motion to modify pretrial order). As a result, inmate Johnson has recently been approved as an additional witness, subject to him first being deposed. See ECF No. 135 (order granting plaintiff's previous motion to modify pretrial order) at 4.

2

knowledge; (3) the proposed testimony of inmates Shoemaker and Bell is not relevant to plaintiff's Eighth Amendment failure to protect claim; and (4) plaintiff has not demonstrated that inmates Shoemaker and Bell will provide admissible evidence. ECF No. 137 at 2-4.[3]

III. DISCUSSION

Plaintiff's motion to modify the court's June 4, 2019, pretrial order must be denied because the testimony of inmates Shoemaker and Bell is not relevant to the Eighth Amendment failure to protect claim that is proceeding to trial.

Federal Rule of Evidence 401 establishes the parameters for relevant evidence. It states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402.

This case is proceeding to trial on a single claim that Officers Haas and Louie failed to protect plaintiff from harm when they knew an assault by other inmates was imminent. See ECF No. 64 (findings and recommendations on summary judgment); ECF No. 66 (order adopting findings and recommendations and denying motion for summary judgment). An Eighth Amendment failure to protect claim requires a showing that the deprivation is objectively sufficiently serious, and that the official knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825. 837 (1994). It requires proof that a defendant acted with a sufficiently culpable state of mind: deliberate indifference. See, e.g., Wilson v. Seiter, 501 U.S. 294, 297 (1991); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049 (9th Cir. 2002). Deliberate indifference is more than negligence but less than intentional acts specifically intended to cause harm. Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prison official need not believe that harm would actually befall an inmate; it is enough that he acted or failed to act despite his knowledge of a substantial risk of harm. Farmer, 511 U.S. at 842.

---

[3] Defendants also argue that the mental health records plaintiff has attached to the motion should be disregarded because they are not relevant. ECF No. 137 at 4. The court agrees. Accordingly, the records attached to plaintiff's motion to modify are not considered here.

Testimony from Shoemaker and Bell regarding the reason that plaintiff was targeted and attacked by other inmates is not relevant to establishing whether defendants Haas and Louie failed to protect plaintiff from assault.  The reason for the assailants' actions does not make it more probable that defendants Haas and Louie knew of and deliberately disregarded a threat to plain tiff's safety.  Accordingly, the proffered evidence is neither relevant nor admissible.

This case is not proceeding to trial on a claim against Weeks for deliberately instigating an assault.  Cf. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  Accordingly, testimony regarding Weeks' alleged labelling of plaintiff as a snitch has no bearing on the issues to be tried.  To the extent that inmate participants in the assault may have relevant testimony to offer regarding the circumstances of the assault and defendants' conduct in relation to it, the court has already allowed plaintiff to add inmate Johnson.  See ECF No. 135.  Plaintiff has identified no relevant testimony that Shoemaker or Bell can offer that would not be cumulative, nor has he established good cause for further changes to the pretrial order at this late date.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to modify the pretrial order, ECF No. 133, is DENIED.

DATED: November 30, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4