UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HAAS, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-2266 DAD AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter has been set for trial on March 6, 2023, before the district judge.  ECF No. 156.

Plaintiff has filed a motion not to be transferred to a different facility prior to trial.  ECF No. 158.  Defendants have filed oppositions (ECF Nos. 159, 160), and the period within which plaintiff could have filed a reply has expired.  See L.R. 230(l).  For the reason stated below, the undersigned will recommend that the motion be denied for lack of jurisdiction.

　　　　I.　　MOTION TO DELAY TRANSFER

　　　　　　　A.　Plaintiff's Motion

Plaintiff's motion asks that the court order Kathleen Allison, Director of the California Department of Corrections and Rehabilitation; her unidentified "agents" and Warden Lynch at California State Prison – Sacramento ("CSP-Sacramento"); and K. Franceschi, Director of Health

1

1  Care to keep plaintiff in his assigned cell at CSP-Sacramento until the conclusion of the trial in
2  this matter.[1]  In support of the motion, plaintiff states that possible changes in his housing
3  assignment will result in his legal files, work product, and evidence he needs for trial being
4  intentionally disorganized which will make the documents useless.  ECF No. 158 at 3.
5        Plaintiff states that he has been told by a supervisor named Johnson that because she has
6  received a number of calls about plaintiff asserting his rights, she intends to drop his level of care
7  so that he will be moved and a lower level of mental health of care.  See id. at 4.  The move,
8  plaintiff contends, has nothing to do with his mental health status.  Id.  He states that if he is
9  moved to different housing so close to trial, he will be prejudiced because the move will force
10 him to pack up his files and give them to correctional officers who have a history of destroying
11 evidence and mixing up thousands of loose pages in an attempt to stall his litigation.  ECF No.
12 158 at 5.  For example, plaintiff states that in November 2022, two correctional officers
13 intentionally mixed up his files for the instant matter when he was out of his cell for an EKG
14 test.[2]  See id. at 6.
15       B.  Defendants' Opposition
16       Defendants oppose plaintiff's motion.  ECF No. 159.  They argue that:  (1) that it is a
17 motion for injunctive relief which does not satisfy the requirements of Winter v. Natural
18 Resources Defense Council, 555 U.S. 7 (2008); (2) consistent with Sandin v. Conner, 115 S. Ct.
19 2293, 2299 (1995), federal courts are not to become involved in daily prison operations; (3)
20 prison regulations state that inmates are not entitled to the housing location of their choice; and
21 (4) none of the named individuals from whom plaintiff seeks injunctive relief are
22 defendants who are subject to the court's jurisdiction.  ECF No. 159 at 2.

---

[1] At the time plaintiff filed the instant motion, trial was set for January 9, 2023.  See ECF Nos. 128, 158 (trial date order, instant motion, respectively).  Since then, however, the trial has been reset to March 6, 2023.  ECF No. 156 (trial date reset order).  Accordingly, the court presumes that the instant request applies to the current March 6, 2023, trial date.

[2] Two other examples:  Plaintiff points to current state court litigation he has in which a hearing was to be held on January 18, 2023, related to correctional officers' evidence tampering during cell moves.  See ECF No. 158 at 5.  He also points to another case he has in this court which raises the same tampering with evidence via programming and/or cell transfer issue.  See id., n.1.

## II. DISCUSSION

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). Those acting in concert with a party may be bound by an injunction that has been issued against the party pursuant to Federal Rule of Civil Procedure 65. Regal Knitwear Co., v. N.L.R.B., 324 U.S. 9, 14 (1945); Golden State Bottling Co., Inc., v. N.L.R.B., 414 U.S. 168, 178 (1973). However, Rule 65 does not confer personal jurisdiction where it otherwise is lacking. Citizens Concerned for Separation of Church and State v. City and County of Denver, 628 F.2d 1289, 1299 (10th Cir. 1980). Here, plaintiff seeks an injunction directed at non-parties over whom the court lacks personal jurisdiction. The motion must be denied on this basis.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to delay his transfer to a different institution until after trial (ECF No. 158) be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE